[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2010
JOHN LEY
CLERK

_____

No. 09-15287
Non-Argument Calendar

_____

D. C. Docket No. 08-01966-CV-2-IPJ

CHAD GAMBRILL,

Plaintiff-Appellant,

versus

CULLMAN COUNTY BOARD OF EDUCATION,
a local education agency,
L. HANK ALLEN,
in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 31, 2010)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Chad Gambrill, a member of the Alabama National Guard, appeals the district court's grant of summary judgment in favor of the Cullman County Board of Education ("CCBE") and Hank Allen, the Superintendent of Education of Cullman County (collectively "Defendants"), as to Gambrill's discrimination action under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4311.

"Congress enacted USERRA to prohibit employment discrimination on the basis of military service as well as to provide prompt reemployment to those individuals who engage in non-career service in the military." *Coffman v. Chugach Support Serv., Inc.*, 411 F.3d 1231, 1234 (11th Cir. 2005). The USERRA provides, in pertinent part, that "a member . . . in a uniformed service shall not be denied initial employment . . . , promotion, or any benefit of employment by an employer on the basis of that membership." 38 U.S.C. § 4311(a). An employer violates the USERRA if the applicant's membership in a uniformed service is a "motivating factor" in the employer's adverse employment action, "unless the employer can prove that the action would have been taken in the absence of such [membership]." *Id.* § 4311(c).

According to the statutory context above, we have held that the plaintiff

2

must first establish a *prima facie* case of discrimination by showing, by a preponderance of evidence, that his protected status was a "motivating factor" in the employer's adverse employment decision. *Coffman*, 411 F.3d at 1238. "A motivating factor does not mean that it had to be the sole cause of the employment action," but it has to be one of the factors that the employer "relied on, took into account, considered, or conditioned its decision on that consideration." *Id.* (quotation and citation omitted). After the plaintiff meets the initial burden, the burden shifts to the employer to prove, by a preponderance of evidence, the affirmative defense that "legitimate reasons, standing alone, would have induced the employer to take the same adverse action." *Id.* at 1238-39 (citation omitted).

In this case, the district court did not err in concluding that legitimate reasons standing alone would have induced Defendants to hire Jimmy Collins as the most qualified candidate to be assistant principal at Hanceville Middle School regardless of Gambrill's military involvement.

Upon review of the entire record on appeal, and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**